IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

**FILED**

MAR 01 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Case No. CR 22-066 J |
| HERIBERTO FLORES and HALEY LEEANNE ADKISON, | ) ) ) | Violations: 18 U.S.C. § 922(g)(1) 18 U.S.C. § 922(o) 18 U.S.C. § 922(a)(6) |
| Defendants. | ) ) ) | 18 U.S.C. § 2 18 U.S.C. § 924(d) 28 U.S.C. § 2461(c) |

**INDICTMENT**

The Federal Grand Jury charges:

**COUNT 1**
**(Felon in Possession of Ammunition)**

On or about January 23, 2022, within the Western District of Oklahoma, -------------------------------------- **HERIBERTO FLORES**, ---------------------------------- with knowledge that he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed 50 rounds of .44 caliber ammunition, including but not limited to 11 rounds of Winchester-Western .44 Smith & Wesson Special caliber ammunition, six rounds of Remington-Peters .44 Remington Magnum caliber ammunition, and five rounds of Fiocchi (Giulio Fiocchi, Lecco) .44 Magnum caliber ammunition, which were in and affecting interstate commerce in that said ammunition had previously crossed state lines to reach the state of Oklahoma.

All in violation of Title 18, United States Code, Section 922(g)(1), the penalty for which is found at Title 18, United States Code, Section 924(a)(2).

## COUNT 2
### (Possession of a Machinegun)

On or about January 23, 2022, within the Western District of Oklahoma, ---------------------------------- **HERIBERTO FLORES**, ---------------------------------- did knowingly possess a machinegun, as defined by Title 18, United States Code, Section 921(a)(23), and Title 26, United States Code, Section 5845(b), specifically a part known as an automatic sear switch, designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

All in violation of Title 18, United States Code, Section 922(o), the penalty for which is found at Title 18, United States Code, Section 924(a)(2).

## COUNT 3
### (False Statement During Firearms Transaction)

On or about January 23, 2022, within the Western District of Oklahoma, ------------------------------- **HALEY LEEANNE ADKISON**, ------------------------------- in connection with the attempted acquisition of firearms from P.R., a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to P.R., which was intended and likely to deceive P.R. as to a fact material of the lawfulness of the sale of firearms to the defendant under Chapter 44, Title 18, United States Code, in that the defendant represented on an ATF Firearms Transaction Record Form 4473 that she was the "actual buyer," when in truth and in fact,

as the defendant well knew, she was purchasing the firearms on behalf of Heriberto Flores.

All in violation of Title 18, United States Code, Section 922(a)(6), the penalty for which is found at Title 18, United States Code, Section 924(a)(2).

## COUNT 4
### (Aiding & Abetting in False Statement During Firearms Transaction)

On or about January 23, 2022, within the Western District of Oklahoma, ---------------------------------- **HERIBERTO FLORES**, ---------------------------------- in connection with the attempted acquisition of firearms from P.R., a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, did knowingly aid, abet, counsel, command, and induce Haley Leeanne Adkison to make a false and fictitious written statement to P.R., which was intended and likely to deceive P.R. as to a fact material to the lawfulness of the sale of firearms under Chapter 44 of Title 18, that is, **HERIBERTO FLORES** directed or induced Haley Leeanne Adkison to represent on an ATF Firearms Transaction Record Form 4473 that she was the "actual buyer," when in truth and in fact, **HERIBERTO FLORES** well knew that person was not the actual buyer.

All in violation of Title 18, United States Code, Sections 2 and 922(a)(6), the penalty for which is found at Title 18, United States Code, Section 924(a)(2).

## FORFEITURE

The allegations contained in this Indictment are hereby re-alleged and incorporated for the purpose of alleging forfeiture.

Upon conviction of the offenses alleged in Counts 1, 2, and 4 of this Indictment, **HERIBERTO FLORES** shall forfeit to the United States any and all firearms and

ammunition involved in the commission of the offense.

The property subject to forfeiture includes, but is not limited to:

1. 50 rounds of .44 caliber ammunition, including but not limited to 11 rounds of Winchester-Western .44 Smith & Wesson Special caliber ammunition, six rounds of Remington-Peters .44 Remington Magnum caliber ammunition, and five rounds of Fiocchi (Giulio Fiocchi, Lecco) .44 Magnum caliber ammunition;

2. one automatic sear switch; and

3. any and all ammunition and magazines not specified herein.

All pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

*[signature]*

FOREPERSON OF THE GRAND JURY

ROBERT J. TROESTER
United States Attorney

*[signature]*

VIRGINIA L. HINES
ASHLEY ALTSHULER
Assistant United States Attorneys